IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RENE VILLEGAS CASTILLO**                                         **PETITIONER**

VS.                    **CASE NO.: 5:14CV00368 JM/BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**[1]                           **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge James M. Moody Jr. Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

---

[1] The named Respondent in this matter is Ray Hobbs. Under Rule 2 of the Rules Governing § 2254 Cases in United States District Courts, the proper Respondent is the state officer who has custody of Mr. Castillo. That officer is now Wendy Kelley, Director of the Arkansas Department of Correction. Accordingly, the Clerk is instructed to substitute Director Kelley as the Respondent.

## II. Background

On October 7, 2013, petitioner Rene Villegas Castillo pleaded guilty in the Circuit Court of Lonoke County, Arkansas, to trafficking a controlled substance and possession of a controlled substance with intent to deliver. (Docket entry #2, pp. 21-23) The court sentenced Mr. Castillo as a habitual offender to a 120-month sentence in the Arkansas Department of Correction ("ADC"), and an additional 120-month suspended sentence. (#14-3) This sentence reflects the plea agreement negotiated by Mr. Castillo's counsel.

Mr. Castillo alleges that his attorney advised him that he would have to serve only twenty-five percent of his 120-month sentence.[2] (#23, p. 2) After receiving his sentence under the plea deal, Mr. Castillo remained in the Lonoke County Jail for approximately 235 days. After transfer to the ADC, Mr. Castillo received his "time card," which showed that he might have to serve 70 percent of his sentence before becoming parole-eligible.[3] (#23, pp. 2-3)

Mr. Castillo did not appeal his conviction or sentence. (#2, p. 2) Nor did he file any motions or petitions for collateral or post-conviction relief in State court. (#2, p. 3) As Mr. Castillo notes, however, the time to file an appeal or a petition for post-conviction relief expired before he received his "time card."

---

[2] In his original petition, Mr. Castillo claims his attorney advised him he would have to serve 50 percent of his sentence, with additional reductions for good behavior. (#2, p. 15)

[3] Mr. Castillo acknowledges in his supplemental petition that the ADC would apply good behavior credit towards the 70 percent requirement. (#23, pp. 2-3)

On October 7, 2014, Mr. Castillo filed the pending petition for writ of habeas corpus. (#2) Respondent Wendy Kelley filed a response and supplemental response. (#14 and #16) Mr. Castillo then filed two supplemental pleadings. (#18 and #19) Judge Young reviewed the pleadings, appointed counsel to represent Mr. Castillo, and ordered additional briefing to address the issue of procedural default as well as the merits of Mr. Castillo's claims. (#21)

Mr. Castillo, through counsel, filed his brief (#23), and Director Kelley filed a response. (#24) As a result of Judge Young's retirement, the Clerk then reassigned this case to the undersigned. (#25) After a thorough review of the record, the Court must recommend that Judge Moody DISMISS Mr. Castillo's petition, with prejudice.

## III. Discussion

Director Kelley argues that the Court should dismiss the petition both due to procedural default and because Mr. Castillo cannot establish prejudice. (#14, #16, #24) Mr. Castillo has shown cause for his procedural default, but he has not shown the kind of prejudice required to overcome procedural default or to prevail on the merits of his claim.

### A. Procedural Default

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); 28

U.S.C. § 2254(b) and (c). Federal claims must rely on the same factual and legal bases raised in the state courts. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir.2006) (citations omitted).

Federal habeas relief is generally available to a petitioner only after he or she has fully exhausted the remedies available in the state courts. 28 U.S.C. § 2254 (b)(1)(A). This means that the petitioner must "use the State's established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999).

Claims raised in a federal habeas petition that were not exhausted through state court proceedings, and for which there is no remaining state court remedy, are considered defaulted. Mr. Castillo defaulted his claims for relief because he did not appeal his conviction or sentence. (#2, p. 2) He also did not file any motions or petitions for collateral or post-conviction relief in State court. (#2, p. 3)

A habeas petitioner's default can be excused only if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).[4]

---

[4] Actual innocence is not at issue in this case.

1. *Cause for Default*

Under the cause and prejudice standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). Mr. Castillo argues he can establish cause because he did not receive a "time card" from the ADC until after the time to challenge his attorney's performance in State court had expired. (#23, p. 4) Mr. Castillo argues that he had no way of knowing that he would not be eligible for parole as early as his attorney had advised.

Neither party has explained whether Mr. Castillo had a legal right to see his time card or, assuming he did have such a right, when the ADC should have disclosed information regarding parole eligibility. Director Kelley argues that the State is not required to provide parole eligibility information for a defendant's plea to be deemed voluntary, and that Mr. Castillo could have inquired about his parole eligibility at any time. (#14, at p. 4) Mr. Castillo states, "it may be that there is no set 'time limit' at all for the ADC to provide an inmate with a time card." (#23, p. 4)

Although Director Kelley argues that Mr. Castillo could have asked about his parole eligibility at any time, neither party has explained how, when, or whether Mr. Castillo would have received information about his parole eligibility had he asked. Regardless of the time-card issue, however, Mr. Castillo encountered two other circumstances that are more compelling in establishing cause for default.

First, the trial court told Mr. Castillo that, by entering a guilty plea, he was giving up his right to raise an ineffective-assistance-of-counsel claim. (#14-1, pp. 4-5) Mr. Castillo would have had to raise the issue of ineffective assistance of counsel through a Rule 37 petition in the trial court. To present that issue in State court, Mr. Castillo would have had to disregard the trial judge's instructions and raise an ineffective-assistance claim with the same judge who told him he could not raise it. If Mr. Castillo had been afforded counsel during the time to file for post-conviction relief, he might have filed a Rule 37 petition despite the trial judge's specific instruction to the contrary. But he had no lawyer during that time.

The lack of counsel raises a second colorable cause for Mr. Castillo's apparent procedural default. In some circumstances, the lack of counsel can establish cause for a petitioner's procedural default. *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Mr. Castillo's lack of counsel, and the trial judge's specific instruction that he could not file a Rule 37 petition, brings this case squarely within the *Martinez* rule for establishing "cause."

    2. *Prejudice*

In addition to cause, Mr. Castillo must also establish prejudice to overcome procedural default. *Trevino v. Thaler*, 133 S.Ct. at 1917. Prejudice is also a requirement to prevail on a claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Director Kelley argues that the prejudice showing required to overcome

procedural default is a higher bar than the prejudice standard for demonstrating ineffective assistance of counsel. (#24, p. 7) If this were so, the *Martinez* exception would be a blind canyon indeed. A petitioner who could demonstrate prejudice sufficient to establish the denial of the *fundamental*, *substantive* right to effective counsel would be entitled to no relief because of a *procedural* rule.[5]

The doctrine of procedural default is grounded in principles of comity. *Coleman*, 501 U.S. at 731, 111 S.Ct. at 2554-55. In habeas proceedings, federal courts afford State court decisions virtually absolute deference with respect to State court decisions about State law. This is true even when a State court's *misapplication* of State law results in 60 additional years of incarceration. See, *e.g.*, *King v. Kelley*, 797 F.3d 508 (8th Cir. 2015).

---

[5] Director Kelley's argument finds support in an old Eighth Circuit case, *Charron v. Gammon*, 69 F.3d 851, 858 (8th Cir. 1995)("[The procedural default] standard of 'prejudice' is higher than that required to establish ineffective assistance of counsel under Strickland."). The *Charron* decision was handed down, however, before Congress enacted strict limitations on second or successive petitions at a time when courts were attempting to discourage piecemeal habeas litigation. *McCleskey v. Zant*, 111 S.Ct. 1454, 1475, 499 U.S. 467, 503 (1991)("The cause and prejudice standard we adopt today leaves ample room for consideration of constitutional errors in a first federal habeas petition and in a later petition under appropriate circumstances."); 28 U.S.C. § 2244. Since 1995, the landscape has changed dramatically for habeas petitioners. An elevated standard for establishing "prejudice" to clear a procedural hurdle is difficult to justify. In any event, a more recent Eighth Circuit case casts doubt on the continued validity of the double standard set out in *Charron*. See *Clemons v. Luebbers*, 381 F.3d 744, 753 fn 5 (8th Cir. 2004)("The standards for *Strickland* prejudice and for *Carrier* prejudice are either the same, or procedural bar prejudice is somewhat higher.").

As important as comity is in federalism, it cannot trump a core, fundamental right guaranteed by the Constitution.[6] In this case, however, the Court does not have to decide the appropriate level of prejudice to overcome procedural default because Mr. Castillo has not established prejudice under any standard.[7]

### B. Ineffective Assistance of Counsel

A criminal defendant's Sixth Amendment right to effective assistance of counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland*, 466 U.S. at 687). Where a defendant argues, as here, that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012). While Mr. Castillo alleges here that he would have insisted on going to trial, he has not established a reasonable probability he would not have pleaded guilty.

#### 1. *Deficient Performance*

---

[6] With the exception of the Privileges and Immunities Clause, which is not at issue here, comity is not part of the Constitution. Article III has no provision for comity for State decisions when federal courts analyze fundamental, federal constitutional rights. On the other hand, the Great Writ and the fundamental right to counsel, however, are specifically included.

[7] A Court may deny a habeas petition on the merits regardless of procedural default. 28 U.S.C. § 2254(b)(2).

As noted, Mr. Castillo alleges that his attorney advised him that he would serve either 25 or 50 percent of his 120-month sentence before becoming parole-eligible. (#2, p. 15; #23, p. 2) In fact, Mr. Castillo will have to serve 70 percent of his sentence, with potential reductions for good-behavior credit, before becoming eligible for parole. (#23, pp. 2-3) Erroneous parole-eligibility advice, in certain circumstances, can constitute ineffective assistance of counsel. *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990). It does not appear from the record that this is one of those cases.

During his plea hearing, Mr. Castillo acknowledged that he had received no promises of "anything else" besides the length of sentence when considering the plea deal. (#14-1, p. 7) That indicates that Mr. Castillo did not rely on his attorney's parole-eligibility advice when deciding to enter a guilty plea.

Mr. Castillo also admitted that he had at least one previous felony conviction that subjected him to an extended term of imprisonment. (#14-1, pp. 2-3) He indicated on his plea agreement form that he understood that each prior conviction would increase the time he served before becoming parole-eligible. (#14-2) These facts undercut Mr. Castillo's claim that he would have rejected the plea deal had he received accurate parole-eligibility information.

Not every instance of inaccurate parole-eligibility advice constitutes ineffective assistance of counsel. *Hill*, 894 F.2d at 1010. In a case where the sentence imposed was well below the maximum, the Court of Appeals for the Eighth Circuit held that the

9

petitioner was not entitled to relief. *Holloway v. United States*, 960 F.2d 1348, 1353-54 (8th Cir. 1992). Likewise, the Tenth Circuit denied relief to a petitioner whose lawyer told him he would be parole-eligible in ten-to-twelve years when he was actually not eligible until he had served fifteen years. *Beavers v. Saffle*, 41 Fed.Appx. 288 (10th Cir. 2002) (unpublished). These cases call into question whether the alleged inaccurate advice meets the first prong of the *Strickland* test. Regardless, the alleged inaccurate advice did not prejudice Mr. Castillo.

### 2. *Prejudice*

Mr. Castillo faced Class Y and Class C felonies as a habitual offender. Based on the charges and his previous felony convictions, Mr. Castillo's potential sentences were not less than ten years to life for the Class Y felony, and three years to twenty years for the Class C felony. ARK. CODE ANN. § 5-4-501(a)(2)(A) and (D). Under the plea deal that Mr. Castillo agreed to, he will serve the minimum term of incarceration for the Class Y felony conviction.[8] Moreover, this is not a case where Mr. Castillo can show any reasonable probability of acquittal if he had rejected the plea deal and demanded a trial.

Mr. Castillo had one pound of cocaine and ten pounds of marijuana hidden in the axle of a trailer he was pulling behind a truck. (#14-3, pp. 7-8) During post-*Miranda*

---

[8] As the Court previously acknowledged, Mr. Castillo also received a suspended sentence.

questioning, he admitted his guilt. (#14-3, p. 8) At the time Mr. Castillo accepted the plea deal, the trial court had already denied his motion to suppress. (#23, p. 1)

Mr. Castillo was caught in the act of committing the crimes for which he was charged. He essentially confessed during questioning. He also lost his best chance to suppress the State's evidence against him. Mr. Castillo then received an offer to serve the minimum statutory sentence and took it. Even if Mr. Castillo could establish a reasonable probability that he would not have pleaded guilty, he cannot show any prejudice resulting from the plea process.

If the right to effective assistance of counsel is denied during the plea process, prejudice arises if loss of a plea opportunity resulted in a conviction on more serious charges or the imposition of a more severe sentence. *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012). Essentially, a petitioner must show that the outcome of the plea process would have been different with competent advice. *Id*. at 1384 (citing references omitted). A different outcome in this context means a better outcome, as the Supreme Court has recognized situations in which the likelihood of a different outcome, by itself, is not prejudice. *Id*. at 1387 (citing references omitted).

If Mr. Castillo had insisted on going to trial, it is probable that he would have suffered a worse outcome than he did with allegedly ineffective counsel. Because Mr. Castillo received the statutory minimum in terms of time he must spend in jail, it would

be inaccurate to characterize the likelihood of a different outcome as real prejudice. *Id*. at 1387. At a minimum, the result here does not provide a basis for habeas relief.

    **C.**    **Standard of Review**

Federal habeas relief is generally limited to cases where: (1) the result was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court; (2) the State decision was based on an unreasonable determination of the facts; or (3) omitted facts show that the petitioner was actually innocent. 28 U.S.C. § 2254. Mr. Castillo failed to develop the facts relevant to his claims in State Court, so there is no issue regarding an unreasonable determination of the facts. None of Mr. Castillo's filings include an assertion of actual innocence, so to obtain habeas relief, Mr. Castillo must show that the result was contrary to clearly established federal law.

A result is contrary to federal law only where it is different from the result of a Supreme Court case with a set of materially indistinguishable facts. *Cf. Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000) (discussing review of State Court decisions). This Court is not aware of any case where the Supreme Court has recognized ineffective assistance, with the required prejudice, in a situation like this. Mr. Castillo, for his part, has not cited any Supreme Court case that has reached anything near that conclusion. Accordingly, Mr. Castillo has failed to meet his burden, and his case should be dismissed, with prejudice.

**IV.     Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Castillo has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  Here, Mr. Castillo has not provided any basis for issuing a certificate of appealability.

**V.     Conclusion**

Mr. Castillo cannot show he suffered prejudice as a result of his counsel's alleged ineffectiveness.  For that reason, the Court recommends that Judge Moody dismiss the pending petition for writ of habeas corpus, with prejudice.  And because there is no substantial showing that Mr. Castillo was denied a constitutional right, Judge Moody should decline to issue a certificate of appealability.

DATED this 17th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE